**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  4:24-cv-00182 |
| vs. | ) | |
| | ) | |
| BOB EVANS RESTAURANTS, LLC, | ) | *(Removal from* |
| | ) | *Jefferson County Circuit Court* |
| Defendant. | ) | *Case No. 23JE-CC01241)* |
| | ) | |

**<u>NOTICE OF REMOVAL</u>**

Defendant Bob Evans Restaurants, LLC ("Bob Evans"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1332, § 1441 and § 1446, hereby removes to this Court a lawsuit filed against it by Plaintiff Christopher Ford ("Plaintiff") in the Circuit Court of Jefferson County, Missouri (Case No. 23JE-CC01241). In support of its Notice of Removal, Bob Evans states as follows:

1.      On December 20, 2023, Plaintiff filed a Petition against Bob Evans in the Circuit Court of Jefferson County, Missouri, alleging disability discrimination in violation of the Missouri Human Rights Act ("MHRA") ("Petition").  Plaintiff served the Summons and a copy of the Petition on Bob Evans on January 4, 2024.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, Return of Service, and all other filings in the State Court Action are attached hereto as <u>Exhibit 1</u>.

2.      The instant lawsuit is one which may be removed to this Court by Bob Evans pursuant to 28 U.S.C. § 1332 by virtue of diversity jurisdiction in that the lawsuit is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3.      Plaintiff is a citizen of the State of Missouri.  *See Petition*, ¶ 1 (Ex. 1).

4.      Bob Evans is a Delaware Limited Liability Company with its principal place of business in New Albany, Ohio.  (Exhibit 2, Declaration of John Carothers ("Carothers Decl."))  Bob Evans Restaurants, LLC is 100% owned by Bob Evans Restaurants Topco, L.P., a Delaware limited partnership with its principal place of business in California.  *Id*.  The general partner of Bob Evans Restaurants Topco, L.P. is BER Management Investors GP, LLC, a Delaware limited liability company with its principal place of business in California.  *Id*.  Both (i) the limited partners of Bob Evans Restaurants Topco, L.P. and (ii) the members of BER Management Investors GP, LLC are a group of private equity funds managed by Golden Gate Private Equity, Inc., an SEC registered investment advisor and Delaware corporation whose principal place of business is in California.  *Id*.  Each of the above-named entities is incorporated in Delaware and has its principal place of business, where its officers direct, control, and coordinate its business, in Ohio or California, respectively.  *Id*.  Therefore, none of the above-named entities is a citizen of Missouri.  As a result, the requirement of complete diversity of citizenship is satisfied.  28 U.S.C. § 1332.

5.      With respect to the amount in controversy, when determining whether the requisite jurisdictional amount has been met, courts consider in the aggregate all forms of relief requested, including emotional distress, punitive damages and statutory attorneys' fees.  Crawford v. F. Hoffman La Roche, 267 F.3d 760, 766 (8th Cir. 2001) (punitive damages and statutory attorneys' fees count in the calculation of amount in controversy); Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994) (actual damages and punitive damages count toward the amount in controversy); Riffert v. Walgreen Co., 2008 U.S. Dist. LEXIS 12751 (E.D. Mo. Feb 20, 2008) (emotional distress, punitive damages, and attorneys' fees included in calculation of amount in controversy).

6. "To demonstrate the amount in controversy is met, the defendant must prove the 'jurisdictional fact' by a preponderance of the evidence." Smith v. AT&T, No. 4:19-CV-881-RK, 2020 U.S. Dist. LEXIS 75138, at *2 (W.D. Mo. 2020) (citation omitted). "The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are . . . ." Id. at *3. "Put another way, the defendant need only show a fact finder could legally award more than $75,000." Id. (*citing* Hartis v. Chicago Title Ins. Co., 656 F.3d 778, 781 (8th Cir. 2009)). "The defendant's burden is a pleading requirement, not a demand for proof." Id.

7. In cases in which removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 28 U.S.C. § 1446(c)(2); Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). The amount in controversy in this matter unquestionably exceeds $75,000, exclusive of interest and costs.

8. Plaintiff has brought one claim against Bob Evans pursuant to the MHRA, and seeks "actual damages in a fair and reasonable sum over $25,000, and emotional distress damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys' fees, and for all other relief as the Court deems appropriate." *See Petition* (Ex. 1).

9. "[B]ased on authority and common sense, it is appropriate to factor into an amount-in-controversy calculation the amount of lost wages that will accrue through trial, provided that the plaintiff would be entitled to that amount if successful and there is adequate evidence from

which to determine the amount." Fenlon v. Burch, No. 4:15-cv-185-JCH, 2015 U.S.Dist. LEXIS 26167, *8-9 (E.D.Mo. 2015).

10.     Plaintiff's employment ended on or about May 27, 2023. *See Petition*, ¶ 3 (Ex. 1).

11.     Plaintiff earned approximately $2,048.84 in the month dating from April 25, 2023, through May 24, 2023. *See Carothers Decl.*, ¶4 (Ex. 2).  His employment ended just a few days later.

12.     According to Federal Judicial Caseload Statistics published as of March 31, 2023, the median time interval from filing to disposition at trial for civil cases in the Eastern District of Missouri is 27.3 months. *See* Federal Judicial Caseload Statistics, U.S. District Courts – Median Time from Filing to Disposition of Civil Cases, by Action Taken (March 31, 2023, available at https://www.uscourts.gov/report-names/federal-judicial-caseload-statistics).

13.     Thus, using the average interval above, Plaintiff's alleged (but disputed) lost wages alone could be about $72,733.82 by the time of trial (May 27, 2023 [last date of employment] – May 11, 2026 [27 months after removal]).[1]

14.     Moreover, in establishing the jurisdictional requirement of over $75,000, this Court can also consider the fact that Plaintiff seeks an unspecified amount for alleged emotional distress and attorney's fees. Poole v. Brinker Mo., 2007 WL 9805603, 2007 U.S. Dist. LEXIS 108937, *4 (E.D.Mo. 2007) (removing an MHRA claim where unspecified emotional distress damages and/or attorney's fees were likely to push the amount in controversy above $75,000); Smith v. AT&T, No. 4:19-CV-881-RK, 2020 U.S. Dist. LEXIS 75138, at *4 (W.D. Mo. 2020) ("Although Plaintiff does not quantify her emotional distress damages or punitive damages, Defendant correctly posits

---

[1]$2,048.84/month * 35.5 months = $72,733.82

those damages may be considered when determining whether the amount in controversy is satisfied.").

15.    Recent employment discrimination verdicts have resulted in compensatory and other damages in excess of $75,000. To wit:

- *David Carter v. Missouri Department of Corrections*, Case No. 1916-CV15371 (Mo. Cir. Ct., Jackson County, Mo. Dec. 12, 2022): $788,000 in actual damages and $5 million in punitive damages on age and disability discrimination claims.

- *Young v. Missouri Department of Corrections,* Case No. 1916-CV00215 (Mo. Cir. Ct., Jackson County, Mo. Nov. 16, 2022): $180,000 in actual damages, $150,000 in punitive damages, and $560,722.50 in attorneys' fees on hostile work environment and retaliation claims.

- *Reddiar v. Sec'y of Department of Veterans Affairs*, Case No. 4:20-CV-00410-SRB (W.D. Mo. Jan. 5, 2023): $200,000 in actual damages, $10,000 in non-economic damages, and $147,750 in attorneys' fees on employment retaliation claim.

- *Caster v. Jackson County, Missouri*, Case No. 1616-CV23856 (Jackson County, Mo. June 29, 2022): $984,515 in actual damages, $6 million in punitive damages, and $406,475.50 in attorneys' fees on age and disability discrimination and retaliation claims.

16.    As to attorneys' fees, successful plaintiffs in employment cases over the last several years have received substantial attorneys' fees awards. *See* Trickey v. Kaman Industrial Technologies Corp., et al., Eastern District of Missouri Case No. 1:09-cv-00026 (order awarding attorney fees in the amount of $201,375.50 attached as Exhibit 3 hereto); Salerno v. MPI Management, LLC, Western District of Missouri Case No. 19-cv-00145 (order awarding attorney fees in the amount of $518,027.88 attached at Exhibit 4 hereto);; Griffin, et al. v. City of Kansas City, Missouri, Jackson County Circuit Court No. 0916-CV27999 (judgment awarding attorney fees in the amount of $307,125.00 attached at Exhibit 5 hereto).

17.    Moreover, when state law allows a plaintiff to seek punitive damages, the claim "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal

5

certainty that the value of the plaintiff's claim is below the statutory minimum." Frump ex rel. Aubuchon v. Claire's Boutiques, Inc., No. 10-1106-CV-W-SWH, 2011 WL 1103055, at *4 (W.D. Mo. Mar. 22, 2011). The MHRA permits recovery of punitive damages, *see* Mo. Rev. Stat. § 213.111(2), however, Missouri law prohibits asserting a claim for punitive damages in an initial pleading and sets out the procedure for asserting a punitive damages claim. *See* Mo. Rev. Stat. § 510.261(5).  Bob Evans presumes Plaintiff will seek to add a claim for punitive damages consistent with the statute.

18.     When the available potential damages are aggregated in this case there is no doubt that the amount in controversy requirement has been satisfied.

19.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty days from January 4, 2024— the date upon which Bob Evans received service of Plaintiff's Summons and Complaint.

20.     The Circuit Court of Jefferson County, Missouri, where this case was originally filed, is located within the Eastern District of Missouri, Eastern Division. *See* 28 U.S.C. §§ 105(b)(4); L.Rs. 2.07(A)(1) and (B)(3). Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1441 because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

21.     There is only one defendant in this action, and it consents to removal via the signature of its counsel below.  This Notice of Removal therefore complies with the requirements of 28 U.S.C. § 1446(b)(2)(A).

22.     This Notice of Removal is accompanied by written Notice to Plaintiff, and a written Notice to Clerk of Removal filed with the Clerk of the Circuit Court of Jefferson County, Missouri, on this date, as required by 28 U.S.C. § 1446(d).

23.    After filing this Notice of Removal, Bob Evans will promptly file a copy of this Notice of Removal with the Circuit Court of Jefferson County, Missouri, Case No. 23JE-CC01241, will serve a copy on Plaintiff through his counsel of record, and will file the Notice with the Court following receipt of the state court acknowledgement.  *See* 28 U.S.C. § 1446(b) and (d).

24.    By removing the case, Bob Evans is not waiving any defense, jurisdictional or otherwise, which it may possess.  Bob Evans also does not concede that Plaintiff has stated any proper claim against it.

WHEREFORE, Bob Evans hereby respectfully requests removal of this case from the Circuit Court of Jefferson County to the United States District Court for the Eastern District of Missouri for further proceedings, and for any other relief the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Thomas E. Berry, Jr.*
Thomas E. Berry, Jr., #38433
1 N Brentwood Blvd Suite 1150
St. Louis, Missouri 63105
Telephone: (314) 827-3939
Facsimile: (314) 827-3940
Tom.Berry@jacksonlewis.com

and

VORYS, SATER, SEYMOUR AND PEASE LLP
Adam M. Borgman (*pro hac vice forthcoming*)
Ohio Bar No. 0097841
52 E. Gay St.
Columbus, OH 43215
(614) 464-5693
amborgman@vorys.com

*Attorneys for Defendant*
*Bob Evans Restaurants, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have on February 2, 2024 served a copy of the foregoing document via Email and the Court's Electronic Filing System upon the following counsel of record:

Bret. C. Kleefuss, #59175
Law Offices of Derald L. Gab
1708 Olive Street
St. Louis, MO 63103
bretcharles@yahoo.com

***Attorney for Plaintiff***

/s/ Thomas E. Berry, Jr.

4853-8380-9954, v. 1

8